UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAUL ADAMS, et al.,

                    Plaintiffs,

          v.

CALIFORNIA CORRECTIONAL
INSTITUTION, et al.,

                  Defendants.

Case No. EDCV 16-1678-AB (KK)

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

## I.

## **INTRODUCTION**

Plaintiffs[1] Paul Adams, Phillip L. Dorsey, and Ezequiel Monarrez ("Plaintiffs"), proceeding pro se and in forma pauperis, have filed a First Amended Complaint ("FAC") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging defendants California Correctional Institution ("CCI"), K. Holland, California Department of Corrections and Rehabilitation ("CDCR"), Jeffrey Beard, and Jerry G. Brown ("Defendants") violated their First, Eighth, and Fourteenth Amendment rights.  Additionally, Plaintiffs allege Defendants violated

---

[1] Plaintiff William J. Bryant will be dismissed in a separate order for failure to pay the necessary filing fee or to comply with the Court's Order to file an application to proceed in forma pauperis.  ECF Docket No. ("Dkt.") 11, 16.

Title 18 of the United States Code, section 241, Conspiracy Against Rights; Title 42 of the United States Code, section 1985, Conspiracy to Interfere with Civil Rights; and battery and assault under California law.  As discussed below, the Court dismisses the FAC with leave to amend.

## II.

## PROCEDURAL HISTORY

On July 24, 2016, Plaintiffs constructively filed[2] a complaint pursuant to Section 1983.  Dkt. 1, Compl.[3]  Plaintiffs sued Defendants Jeffrey Beard and K. Holland, in both their individual and official capacity, CCI, and CDCR.  Id. at 3.

On August 15, 2016, Plaintiffs constructively filed the FAC against Defendants Jeffrey Beard, K. Holland, and Jerry Brown, in their individual and official capacities, CCI, and CDCR.  Dkt. 18, FAC at 3-4.  In the FAC, Plaintiffs makes two primary allegations: (1) prisoners are being exposed to airborne asbestos particles ("Asbestos Complaint"), id. at 1-27; and (2) prisoners are forced to drink and bathe in water contaminated by human feces ("Water Complaint").  Id. at 28-48.

## III.

## FACTUAL BACKGROUND

**A.    ASBESTOS COMPLAINT**

Within the Asbestos Complaint, Plaintiffs bring claims against Defendants CDCR, Jeffrey Beard, CCI, and K. Holland.  Plaintiffs assert the following four claims against all four defendants:

---

[2] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[3] The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

1      (1)  Violation of Plaintiffs' Fourteenth Amendment right to substantive and

2            procedural due process;

3      (2)  Violation of Plaintiffs' Fourteenth Amendment right to equal protection;

4      (3)  Violation of Plaintiffs' Eighth Amendment right to be free from cruel

5            and unusual punishment; and

6      (4)  Assault and battery, under California law.[4]

7  Id. at 22-27

8      In raising these claims, Plaintiffs allege the following facts:

9      On or about June 10, 2016, Plaintiff Adams observed a black substance "that

10  had fibers sticking out of every direction" scattered "all over the yard" and

11  "outside his housing unit in every direction." Id. at 10-11. According to Plaintiff

12  Dorsey, a fellow inmate informed him that the black fibers contain asbestos and

13  that "there is asbestos everywhere" including "in Clark Hall Upper and Lower,

14  mostly in the floors; . . . in Davis and in Willard Hall, on the pipes and in the chase,

15  and in the floors . . . in the chow hall . . . on the cilling [sic] . . . and in the above the

16  cilling [sic] areas." Id. at 12. Additionally, Plaintiff Adams alleges there are at least

17  "six known locations of the CCI prison facilities" that contain "cage like doors,"

18  referred to as "asbestos locks," which are meant to keep people out of the allegedly

19  asbestos-exposed areas. Id. at 12, 20.

20      According to Plaintiffs, "the asbestos is easily disturbed" and "becomes

21  airborn [sic] on a daily basis." Id. at 20. Plaintiffs appear to allege there are two

22  ways the asbestos becomes disturbed: (1) rodents around the prison dislodge the

23  black fibers and scatter the fibers around the prison yard; and (2) prison officials

24

25  [4] Plaintiffs raise their assault and battery claims pursuant to California Penal Code, sections 240 and 242. This Court does not have jurisdiction to hear state criminal

26  cases. However, to the extent Plaintiffs raise assault and battery as civil claims under California law, the Court may adjudicate the state claims provided they are

27  transactionally related to a valid federal claim. Hunter v. United Van Lines, 746 F.2d 635, 649 (9th Cir. 1984); Ford v. California, No. 1:10-CV-00696-AWI, 2013

28  WL 1320807, at *2 n. 2 (E.D. Cal. Apr. 2, 2013).

engage in improper "asbestos cleanups" that disturb the asbestos causing the particles to become airborne.  Id. at 10-11, 20-21, 25.  Consequently, Plaintiffs claim they "have been breathing the asbestos fibers by direct inhalation, on a daily basis, and are subjected to exposure to an extremely malignant cancer."  Id. at 47; Dkt. 18-1 at 2, 5.

Plaintiffs allege Defendants Holland and Beard "sought and mandated that officers, employees, and all none [sic] prisoner personnel be informed" of the presence of asbestos at CCI, in addition to requiring "them to sign a waiver" giving "consent to reside in the dangerous environment."  FAC at 14, 22, 26.  Prisoners, on the other hand, were never "adequately informed" of the presence of asbestos. Id. at 14.  Additionally, Plaintiffs allege Defendants Holland and Beard "are conspiring a cover up to attempt to clean up the asbestos, in the absence of proper permits, orders, and notices . . . which is likely disposing the asbestos in an environment that would endanger others."  Id. at 21, 25.  Plaintiffs conclude "the lack of a notice to prisoners' PLAINTIFFS' [sic] proves that [Defendants Holland and Beard] deliberately exposed them to asbestos with a knowing disregard for human life."  Id.

**B.    WATER COMPLAINT**

Within the Water Complaint, Plaintiffs bring claims against Defendants CDCR, Jeffrey Beard, CCI, K. Holland, and Jerry Brown.  Plaintiffs assert the following five claims against all five Defendants:

(1)  Violation of Plaintiffs' Fourteenth Amendment right to substantive and procedural due process;

(2)  Violation of Plaintiffs' Fourteenth Amendment right to equal protection;

(3)  Violation of Plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment;

4

(4) Violation of Title 18 of the United States Code, section 241, Conspiracy Against Rights, and Title 42 of the United States Code, section 1985, Conspiracy to Interfere with Civil Rights; and

(5) Assault and battery, under California law.

Id. at 35-46.

Plaintiffs additionally assert a First Amendment retaliation violation solely against Defendant K. Holland. Id. at 39.

In raising these six claims, Plaintiffs allege the following facts:

On or about August 10, 2016, Plaintiff Dorsey received information from a fellow inmate alleging "the water [at CCI] is tainted by human waste." Id. at 28. According to Plaintiffs, Defendants Holland and Beard are aware of the water contamination because they received notice from Tehachapi Fire Department, Station 916, that the water at CCI was tainted and should not be consumed. Id. Because of the contamination, "the officers and employees of this prison are ordered/commanded not to drink the water." Id. at 29. Instead, Defendants provide bottled water to CCI prison officials not only for drinking purposes, but also to wash their hands. Id. at 48; Dkt 18-1 at 3, 6. Plaintiffs claim the water "smells bad, taste[s] nasty, [and] is creamy white in color." Id. Plaintiffs allege Defendants have engaged "in a conspiracy to prevent CDCR inmate MEDICAL PROVIDERS from diagnosing inmates with harms related to water, and to falsely diagnose inmates with some other unrelated matter" in an effort to hide the water contamination. FAC at 40.

As a result of being forced to drink the contaminated water, Plaintiffs allege they suffer from the following symptoms on a daily basis: "nausea, headaches, dizziness, forgetfulness, depression, odd mood swings, pain in the lower belly organs; shortness of breath, blurry vision, bloated belly, tremors, cold sweats, numbness in arms and hands, numbness in the side of the head, and loss of short term memory." Id. Plaintiffs allege they suffer "from mental and emotional

5

anxiety, knowing that [they are] forced to consume water with human feces in it."
Id. Consequently, Plaintiffs assert they "have lowed [their] normal water daily intake . . . and only drink about a cup or so a day" to avoid excess exposure. Id.

## C.   REQUESTS FOR RELIEF

As a result of their alleged injuries from both the asbestos exposure and water contamination, Plaintiffs seek, at minimum, $1,000,000 in compensatory damages and $5,000,000 in punitive damages awarded to each Plaintiff, as well an injunction requiring an immediate evacuation of CCI and a lifetime of limitless medical treatment. Id. at 7. Lastly, Plaintiffs seek appointment of counsel to represent them in this matter[5] and that their case be designated as a class action.[6] Id.

## IV.

## STANDARD OF REVIEW

As Plaintiffs are proceeding in forma pauperis, the Court must screen the FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §

---

[5] There is no constitutional right to appointed counsel in civil rights actions. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  In exceptional circumstances, a court may request counsel to voluntarily provide representation. 28 U.S.C. § 1915(e)(1); see Mallard v. U.S. Dist. Court, 490 U.S. 296, 301-10, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989).  To decide whether "exceptional circumstances" exist, a court evaluates both the likelihood of a plaintiff's success on the merits and plaintiff's ability to articulate claims pro se.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  At this juncture in the case, the Court does not find that such exceptional circumstances exist.  The Court assures Plaintiffs that it will liberally construe the pleadings and give Plaintiffs the benefit of the doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

[6] "[A] party seeking certification of a class or subclass must satisfy four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation."  Parsons v. Ryan, 754 F.3d 657, 674 (9th Cir. 2014); Fed. R. Civ. P. 23.  Here, Plaintiffs have failed to present any facts to establish the four factors required to certify a class action.

1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se,

particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiffs are pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

# V.

# DISCUSSION

## A.    THE FAC FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

### (1)    APPLICABLE LAW

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

**(2)   ANALYSIS**

In the instant case, Plaintiffs' FAC is overly long, argumentative, and replete with repetitive, irrelevant, and unclear facts and claims.  The FAC is forty-eight pages in length and repeats the same factual scenarios in multiple sections. Additionally, the FAC includes various extraneous claims, including allegations of murder, pursuant to California Penal Code, section 187, despite Plaintiffs' implicit concession that no deaths have yet occurred as a result of the contaminated water or asbestos exposure.  FAC at 36, 42.  Furthermore, the FAC includes numerous conclusory allegations using legal jargon and references to various state regulations absent any factual support.  For example, Plaintiffs make the following conclusory and unclear statements: "The Director of Corrections has an obligation to follow the laws, and Constitutions of California and the United States.  To follow CDCR Title 15 Policy, and to perform his duties consistent with his OATH OF OFFICE, as a governmental official; such as performing [his] fiduciary duties in GOOD FAITH and CLEAN HANDS"; Defendants "facilitated GREAT BODILY INJURY UPON THE INMATE POPULATION AND PLAINTIFFS OF THIS COMPLAINT.Violation of the Cal.P.C.Sec."; and "Defendants of this complaint have violate [sic] the Laws, and policies in Title 15, Sections: §3380(a) (d), §3382(a) and (b); §3383 (a)-(e); §3391(a)-(d).  AND ALL OTHER RELATIVE TITLE 15 POLICY(S)."  Id. at 37, 38, 43, 44.  Inclusion of these allegations prevents the Court from clearly discerning each of Plaintiffs' causes of action.

In amending the FAC, Plaintiffs must state each of their claims separately and for each claim should identify "clearly and precisely" and briefly the legal basis and the facts underlying it.  See Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) ("Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice." (citation omitted)).  Specifically, Plaintiffs should succinctly

identify when the alleged harms were committed, who caused the alleged harms, and what actions were committed by each alleged wrongdoer.  Lastly, to the extent Plaintiffs raise any other causes of action other than the ones identified by the Court in Section III of this Order, Plaintiffs must clearly identify the legal basis of the cause of action and briefly present the relevant facts to support the claim.

**B.     PLAINTIFFS' CLAIMS DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE AND THUS, MAY NOT BE RAISED IN A SINGLE COMPLAINT**

**(1)   APPLICABLE LAW**

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows plaintiffs to add multiple claims to the lawsuit when they are against the same defendant.  Fed. R. Civ. P. 18(a).  Federal Rule of Civil Procedure 20(a)(2) allows plaintiffs to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."   Fed. R. Civ. P. 20(a)(2).  In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and the three-strikes rule under the Prison Litigation Reform Act); Gonzalez v. Maldonado, No. 1:11–cv–01774–SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same).  If the test for permissive joinder is not satisfied, the court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party."  Fed. R. Civ. P. 21; see also Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (noting if joined plaintiffs fail to meet requirements of Rule 20(a), "the

district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance").

### (2) ANALYSIS

Here, the FAC contains two different allegations related to Plaintiffs' conditions of confinement at CCI: (1) allegations regarding inmates' dangerous exposure to asbestos; and (2) allegations regarding the contaminated water. Although Plaintiffs allege the same causes of action based on each of these prison conditions, the alleged conditions do not arise from the same "transaction, occurrence, or series of transactions." Fed. R. Civ. P. 20(a)(2). Rather, each condition stems from different actions taken by Defendants, and thus, the facts used to support each claim vary depending on whether the claim is based on asbestos exposure or contaminated water. Accordingly, Plaintiffs' asbestos claims should be filed separately from Plaintiffs' contaminated water claims.

## C. THE ELEVENTH AMENDMENT BARS CLAIMS AGAINST DEFENDANT CDCR

### (1) APPLICABLE LAW

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiffs "seek damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. In the prisoner context, a state agency responsible for the incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam) (finding a suit against a state's Board of Corrections is barred by the Eleventh Amendment).

///

1    **(2)   ANALYSIS**

2    Here, Defendant CDCR is a state agency responsible for the incarceration

3    and correction of inmates in California.  Thus, the Eleventh Amendment bars

4    Plaintiffs from bringing claims against a state agency, and CDCR must be dismissed

5    on all claims.  Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009);

6    Stroman v. California Dep't of Corr. & Rehab., No. CIV. 2:14-524 WBS, 2014 WL

7    2208174, at *1 (E.D. Cal. May 28, 2014) ("In the context of prisoner lawsuits

8    against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is

9    immune from suit under the Eleventh Amendment.").

10   **D.   PLAINTIFFS FAIL TO STATE AN OFFICIAL CAPACITY CLAIM**

11   **AGAINST ANY DEFENDANT**

12   **(1)   APPLICABLE LAW**

13   An "official-capacity suit is, in all respects other than name, to be treated as

14   a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099,

15   87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct.

16   873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th

17   Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party

18   in interest is the entity."  Graham, 473 U.S. at 166.  Because no respondeat

19   superior liability exists under Section 1983, a state actor is liable only for injuries

20   that arise from an official policy or longstanding custom.  Monell v. Dep't of Soc.

21   Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611

22   (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.

23   Ed. 2d 412 (1989).  Plaintiffs must show "that a [state] employee committed the

24   alleged constitutional violation pursuant to a formal governmental policy or a

25   longstanding practice or custom which constitutes the standard operating

26   procedure of the local governmental entity."  Gillette v. Delmore, 979 F.2d 1342,

27   1346 (9th Cir. 1992) (citations and internal quotation marks omitted).  In addition,

28   Plaintiffs must show the policy was "(1) the cause in fact and (2) the proximate

1 | cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th

2 | Cir. 1996) (citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th

3 | Cir. 1981)).

4 |     **(2)**   **ANALYSIS**

5 |     Here, Plaintiffs' claims against Defendants Jeffrey Beard, K. Holland, and

6 | Jerry Brown in their official capacity fail.  As to Plaintiffs' asbestos claims, Plaintiffs

7 | fail to identify a policy that was "(1) the cause in fact and (2) the proximate cause of

8 | the constitutional deprivation."  See Trevino, 99 F.3d at 918.  Although Plaintiffs

9 | allege Defendants are subjecting inmates to dangerous levels of asbestos, Plaintiffs

10 | fail to present any facts indicating Defendants are acting pursuant to a specific

11 | policy or procedure that is causing Plaintiffs' alleged constitutional violations.  See

12 | Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)

13 | ("[I]n an official-capacity suit the entity's 'policy or custom' must have played a

14 | part in the violation of federal law." (citation omitted)).

15 |     As to Plaintiffs' water claims, Plaintiffs allege Defendants have been

16 | instructed not to drink or use the water at the prison.  However, similar to the

17 | asbestos claims, Plaintiffs fail to present any facts to indicate Defendants are acting

18 | pursuant to a longstanding custom or policy which is depriving inmates of their

19 | constitutional right to be free from an "insufficiently humane condition."

20 | Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).

21 |     Because respondeat superior liability does not exist under Section 1983, and

22 | a state actor cannot be held responsible for the actions of its employees absent an

23 | official policy or custom, Plaintiffs' claims against Defendants Beard, Holland, and

24 | Brown in their official capacity fail.  Monell, 436 U.S. at 694.  Additionally, since

25 | Plaintiffs have failed to present facts to establish an unconstitutional policy or

26 | practice which existed at CCI, any claims brought against Defendant CCI

27 | necessarily fail as well.

28 |

**E.    PLAINTIFFS FAIL TO STATE A FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM**

### (1)    APPLICABLE LAW

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (citations omitted). Due process analysis "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011).

### (2)    ANALYSIS

Here, Plaintiffs have failed to allege a protected liberty or property interest for which they have been deprived. In the FAC, Plaintiffs put forth the following general allegation: Defendants have violated Plaintiffs' substantive due process rights by "act[ing] against the doctrine/rights that the Due /process Clauses of the 5th and 14th amendments require that legislation be fair and reasonable in content and to further a legitimate governmental objective." FAC at 22, 26. Plaintiffs, however, cannot simply rely on a "bare assertion" of a due process right violation. Twombly, 550 U.S. at 556. They must specifically identify a liberty interest protected by the Due Process Clause, otherwise their claim shall be dismissed. Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) ("To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property."). Because Defendants have failed to identify a specific liberty interest protected by the Due Process Clause, their substantive due process claim must be dismissed.

**F.    PLAINTIFFS FAIL TO STATE A FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS CLAIM**

### (1)    APPLICABLE LAW

A procedural due process claim requires plaintiffs establish "two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ., 149 F.3d 971, 982 (9th Cir. 1998).  The failure to follow mandatory procedures does not by itself offend the constitution.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993) ("[W]e have held that 'procedural requirements, even if mandatory, do not raise a constitutionally cognizable liberty interest.'" (citation omitted)).  Rather, there must be allegations that the procedures themselves were inadequate to protect a valid liberty interest.  See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), aff'd, 168 F.3d 498 (9th Cir. 1999).

### (2)    ANALYSIS

As discussed above, Plaintiffs have failed to allege a protected liberty interest of which they have been deprived.  Furthermore, even assuming Plaintiffs had sufficiently alleged a protected liberty interest, Plaintiffs have failed to point to any specific procedure that was inadequate to protect the asserted liberty interest.  In the FAC, Plaintiffs generally allege: (1) Defendants have violated Plaintiffs' procedural due process rights by violating "the safety procedures regarding the asbestos clean ups and disposal, pursuant to the law, constitutions, codes, rules, legislations . . . of the State of California and the United States"; and (2) Defendants have deprived Plaintiffs of their "rights to adequate notice" of the contaminated drinking water.  FAC at 39.

In making these general allegations, however, Plaintiffs do not identify a specific procedure Defendants failed to follow which resulted in Plaintiffs' loss of a valid liberty interest.  Id. at 22, 26.  Furthermore, even assuming Plaintiffs

presented a procedure at CCI that did create a protected interest, Defendants'
failure to comply with the procedure alone does not establish a due process
violation.  Buckley, 36 F. Supp. 2d at 1222 ("A defendant's negligent or intentional
failure to follow proper procedures does not constitute a constitutional
deprivation.").  Thus, Plaintiffs' procedural due process claim necessarily fails.

## G.  PLAINTIFFS FAIL TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM

### (1)  APPLICABLE LAW

"The Equal Protection Clause of the Fourteenth Amendment commands
that no State shall 'deny to any person within its jurisdiction the equal protection of
the laws,' which is essentially a direction that all persons similarly situated should
be treated alike."  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432,
439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202,
216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)).  In order to state a Section 1983
equal protection claim, plaintiffs must allege they were treated differently from
others who were similarly situated without a rational basis or discriminated against
based on their membership in a protected class.  See Serrano, 345 F.3d at 1082
(requirements for Section 1983 equal protection claim based on membership in
protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir. 2014) (affirming
district court dismissal of inmate's equal protection claim).  "Similarly situated"
persons are those "who are in all relevant aspects alike."  Nordlinger v. Hahn, 505
U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992)

### (2)  ANALYSIS

Here, Plaintiffs' equal protection claim fails.  Plaintiffs' equal protection
claim is premised on the fact that Defendants "mandated that officers, employees,
and all none [sic] prisoner personnel be informed, and required them to sign a
waiver regarding notice of the exposure to asbestos, while concealing the dangers
and failing to give notice to the prisoners and Plaintiffs."  FAC at 26.  Additionally,

16

Plaintiffs allege they were treated differently when "Officials, staff, employees, and all none [sic] prisoner [were] ordered not to drink the prison's water" and instead provided "with bottled safe water." Id. at 36. Prison inmates in general, however, are not a protected class. See Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998). In making their equal protection allegations, Plaintiffs fail to present facts showing Defendants treated them any differently than other "similarly situated" individuals. Therefore, Plaintiffs' Equal Protection claim must be dismissed.

## H.   PLAINTIFFS FAIL TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT HOLLAND

### (1)   APPLICABLE LAW

Allegations of retaliation against a plaintiff's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct; (4) the adverse action "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment in the prison context has included filing of a prison grievance, Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), giving legal assistance to other inmates, Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985), and access to the courts, Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

### (2)   ANALYSIS

To the extent Plaintiffs assert a First Amendment retaliation claim against Defendant Holland, Plaintiffs fail to present any facts indicating (1) they engaged in protected conduct, and (2) a state actor took some adverse action against Plaintiffs

after they engaged in protected conduct. Instead, Plaintiff Dorsey provides bare allegations of fear of "harsh retaliation" from prison staff *if* he files a suit or challenges any of the asbestos issues. FAC at 13. Absent any facts of Plaintiff Dorsey's actual engagement in protected conduct and a subsequent adverse action taken by Defendant Holland in response to that protected conduct, Plaintiffs' First Amendment retaliation claim fails.

## I.  PLAINTIFFS FAIL TO STATE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAIMS

### (1)  APPLICABLE LAW

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they deny humane conditions of confinement with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To state a claim for such an Eighth Amendment violation, an inmate must show objective and subjective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Osolinski, 92 F.3d at 938. The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

A prison official may be found deliberately indifferent in violation of the Eighth Amendment if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Clem v. Lomeli, 566 F.3d 1177, 1182 (9th Cir. 2009) (quoting Farmer, 511 U.S. at 847). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837-38; see May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (rejecting plaintiff's claims disciplinary segregation violated the Eighth Amendment because plaintiff "failed to allege facts establishing the deprivation of adequate food, drinking water, sanitation, or personal hygiene items"). Deliberate indifference requires "more than 'gross negligence' or even 'recklessness.'" Hatter v. Dyer, 154 F. Supp. 3d 940, 944 (C.D. Cal. 2015) (quoting Farmer, 511 U.S. at 837).

### (2)   ANALYSIS

Here, Plaintiffs fail to sufficiently allege Eighth Amendment deliberate indifference claims against Defendants Beard and Holland for the alleged asbestos exposure, and against Defendant Brown for the allegedly contaminated water. As discussed below, Plaintiffs have not produced facts to meet the subjective component of the deliberate indifference claim demonstrating Defendants "knew of the risk but disregarded it by failing to take reasonable measures to address the danger." Clem, 566 F.3d at 1182.

### i.   Asbestos Exposure

As to the asbestos claim, Plaintiffs have not provided facts Defendants knew (1) the asbestos particles have become airborne – specifically whether Defendants knew (a) of the black fibers in the prison yard, and (b) that the black fibers contained asbestos; or (2) the "asbestos cleanups" were causing particles to become airborne in areas to which inmates were exposed.

In the FAC, Plaintiffs generally state both Defendants Beard and Holland knew about the dangers of asbestos exposure because they required prison employees "to receive notice and sign waivers" acknowledging their exposure to asbestos. FAC at 22, 24. However, the fact that Defendants required their employees to sign waivers acknowledging the presence of asbestos in the prison does not necessarily show Defendants were aware asbestos particles had become

airborne, and more specifically, that the particles were airborne in areas where inmates would be exposed.

Even assuming Plaintiffs presented facts to establish Defendants' knowledge of the asbestos exposure, Plaintiffs have not presented any facts to show Defendants deliberately ignored such danger or failed to take reasonable measures to address the danger.  A cause of action for deliberate indifference requires more than gross negligence or even recklessness.  Hatter, 154 F. Supp. 3d at 944.  Plaintiffs must present facts Defendants "knew of the risk but disregarded it by failing to take reasonable measures to address the danger."  Clem, 566 F.3d at 1182.  Here, Plaintiffs have not presented any facts indicating Defendants knew of an unreasonable danger to Plaintiffs, but deliberately ignored such danger or failed to take reasonable measures to address the danger.  In fact, Plaintiffs present facts which appear to indicate Defendants tried to remedy the alleged asbestos problems through various "asbestos clean-ups."  FAC at 21, 25.  While Plaintiffs allege Defendants undertake these cleans ups in "the absence of proper legal permits, order, and notices," thereby harming and exposing Plaintiffs to dangerous levels of asbestos, Plaintiffs fail to present facts demonstrating Defendants were more than merely negligent or reckless in their cleanups.  Notably, there is no indication Plaintiffs ever informed Defendants, filed complaints, or even attempted to report their concerns about alleged exposure to asbestos, thereby putting Defendants on notice of the alleged harm.

Thus, absent facts to establish Defendants' subjective knowledge and subsequent disregard of the dangers of the airborne asbestos particles, Plaintiffs' Eighth Amendment claim based on alleged asbestos exposure fails.

### ii.   Contaminated Water

As to Plaintiffs' contaminated water claim against Defendant Brown, the Court finds Plaintiffs have failed to state a claim.  Plaintiffs have not provided any facts indicating Defendant Brown, as Governor of the State of California,

1  personally knew of the allegedly tainted water at CCI.  In fact, to satisfy the

2  subjective element of the deliberate indifference claim, Plaintiffs seem to rely on

3  facts from a newspaper article published in 1995, which stated Defendant Brown

4  ordered portions of CCI shut down due to dangers posed by contaminated water at

5  that time.  FAC at 32-34, 41.  Without any facts indicating Defendant Brown

6  personally knew of the <u>current</u> alleged state of the water at CCI, Plaintiffs' claim

7  necessarily fails.

8  **J.**     **PLAINTIFFS FAIL TO STATE A CONSPIRACY CLAIM UNDER**

9         **TITLE 18 OF THE UNITED STATES CODE SECTION 241 OR**

10        **TITLE 42 OF THE UNITED STATES CODE SECTION 1985.**

11        A mere allegation of conspiracy is insufficient to state a claim.  <u>Holgate v.</u>

12  <u>Baldwin</u>, 425 F.3d 671, 676 (9th Cir. 2005).  To state a valid claim for a conspiracy,

13  Plaintiffs should provide allegations that identify "which defendants conspired,

14  how they conspired and how the conspiracy led to a deprivation of [Plaintiffs']

15  constitutional rights."  <u>Harris v. Roderick</u>, 126 F.3d 1189, 1196 (9th Cir. 1997).

16  Here, Plaintiffs have failed to present any facts to support the identification of a

17  conspiracy.  They do not identify the specific parties involved in the alleged

18  conspiracy, nor do they provide any facts to demonstrate the steps Defendants took

19  to further the objective of their alleged conspiracy.  Absent any specific facts,

20  Plaintiffs' conspiracy claims fail.

21                                 **VI.**

22        **<u>LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

23        For the foregoing reasons, the FAC is subject to dismissal.  As the Court is

24  unable to determine whether amendment would be futile, leave to amend is

25  granted.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per

26  curiam).  Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of

27  the service date of this Order, Plaintiffs choose one of the following two options:

28        1.     Plaintiffs may file a Second Amended Complaint to attempt to

cure the deficiency discussed above. **The Clerk of Court is directed to mail Plaintiffs a blank Central District civil rights complaint form to use for filing the Second Amended Complaint.**

If Plaintiffs chooses to file a Second Amended Complaint, Plaintiffs must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiffs shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the FAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiffs leave to amend as to all their claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2.     Alternatively, Plaintiffs may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiffs a blank Notice of Dismissal Form, which the Court encourages Plaintiffs to use.**

The Court advises Plaintiffs that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiffs file a Second Amended Complaint that continues to allege insufficient facts to state a claim. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.' " Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.

1    **Plaintiffs are explicitly cautioned that failure to timely file a Second**

2    **Amended Complaint will result in this action being dismissed with prejudice**

3    **for failure to state a claim, prosecute, and/or obey Court orders pursuant to**

4    **Federal Rule of Civil Procedure 41(b).**

5

6    Dated:  November 01, 2016

7    _____

     HONORABLE KENLY KIYA KATO

8    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28