UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA CORRECTIONAL INSTITUTION, et al., <br><br> Defendants. | Case No. EDCV 16-1678-AB (KK) <br><br> ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiffs[1] Paul Adams, Phillip L. Dorsey, and Ezequiel Monarrez ("Plaintiffs"), proceeding pro se and in forma pauperis, have filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging defendants California Correctional Institution ("CCI") and California Department of Corrections and Rehabilitation ("CDCR") (collectively

---

[1] Plaintiff William J. Bryant will be subject to dismissal in a separate order for failure to pay the necessary filing fee or to comply with the Court's Order to file an application to proceed in forma pauperis. ECF Docket Nos. ("Dkts.") 11, 16, 31.

"Defendants") violated their First, Eighth, and Fourteenth Amendment rights. As discussed below, the Court dismisses the SAC with leave to amend[2].

## II.

## **PROCEDURAL HISTORY**

On July 24, 2016, Plaintiffs constructively filed[3] a complaint pursuant to Section 1983. Dkt. 1. Plaintiffs sued defendants Jeffrey Beard and K. Holland, in both their individual and official capacities, CCI, and CDCR. Id. at 3.

On August 15, 2016, Plaintiffs constructively filed a First Amended Complaint ("FAC")[4] against defendants Jeffrey Beard, K. Holland, and Jerry Brown, in their individual and official capacities, CCI, and CDCR. Dkt. 18 at 3-4. In the FAC, Plaintiffs alleged: (1) prisoners are being exposed to airborne asbestos particles, id. at 1-27; and (2) prisoners are forced to drink and bathe in water contaminated by human feces, id. at 28-48. On November 1, 2016, the Court dismissed the FAC with leave to amend. Dkt. 30.

On January 12, 2017, Plaintiffs constructively filed the SAC[5]. Dkts. 36 and 36-1. In the SAC, Plaintiffs only raise claims against Defendants CDCR and CCI. Id. Specifically, Plaintiffs allege (1) CCI and CDCR are subjecting Plaintiffs to an environment "infested with air born asbestos particles," thereby demonstrating a deliberate indifference to inmates' health and safety; (2) CCI and CDCR are knowingly administering "tainted drinking water to the prison inmate population";

---

[2] The Court questions whether Plaintiffs may properly join together in one action in light of Federal Rule of Civil Procedure 20 and the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1915(b). However, as Plaintiffs' SAC is dismissed for failure to state a claim, the Court will not further consider the issue at this time.

[3] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[4] On August 15, 2016, Plaintiffs filed a request for leave to file a FAC as well as a proposed FAC. Dkt. 14. On August 24, 2016, the Court filed Plaintiffs' FAC and denied Plaintiffs' request for leave as moot. Dkt. 17.

[5] The Court refers to the pages of the SAC as they are numbered on the Court's online docket.

and (3) CCI is conspiring with medical providers to misdiagnose inmates to conceal the "tainted drinking water," which represents a deliberate indifference "to the serious medical needs of the inmate population." Dkt. 36 at 14, 29; Dkt. 36-1 at 5, 12, 19.

## III.
## FACTUAL BACKGROUND

### A. ASBESTOS CLAIMS

Plaintiffs allege "THE VICINITY OF CCI IS INFESTED WITH AIR BORN ASBESTOS PARTICLES . . . [a]nd untrained 'asbestos teams' are performing asbestos clean ups in violations of the OSHA regulations and formulating an even more dangerous atmosphere." Dkt. 36 at 14. Further, Plaintiffs allege the "[i]nmates and employees are not given protective equipment, or placed on reasonable notice, that the Asbestos is being 'CLEANED UP' and that the asbestos would become air born due to the cleanup." Id. at 15. Plaintiffs claim defendant CDCR specifically "knows that asbestos exist at California Correctional Institution . . . as it has established a bylaw/policy that requires its employees to sign asbestos waivers, while concealing that fact from prison inmates." Id. at 29.

### B. CONTAMINATED WATER CLAIMS

Plaintiffs allege the prison drinking water is contaminated with "human waste, and large amounts of arsenic," thereby making CCI a "dangerous environment." Dkt. 36-1 at 5, 7, 12, 14, 19, 21. Plaintiffs claim "CCI knows the water is tainted, and all employees, officers, and staff members of CCI, are warned to not drink or handle the facility drinking water because it is tainted." Id. at 10, 17. Plaintiffs further allege that because of the water condition, "employees, receive free bottled water, as to where the prison inmates [do] not." Id. Additionally, Plaintiffs claim they have suffered symptoms like: frequent dizzy spells, short term

1  memory loss/memory lapses, bloated stomachs, frequent headaches, and
2  abdominal pain.  Id. at 6, 13, 20.
3       Furthermore, Plaintiffs allege defendant CCI "conspired with the medical
4  providers, to misdiagnose, medical conditions related to illnesses from the drinking
5  water . . . to conceal the fact that the water is dangerously tainted with human
6  waste and arsenic."  Id. at 21.  Plaintiffs claim the "Medical providers on these
7  above facilities at CCI deliberately misdiagnose inmates with these symptoms, and
8  tell inmates that they are feeling these symptoms because [they] are not drinking
9  enough water."  Id. 6, 13, 20.  According to Plaintiffs, however, "drinking more
10 water increases the symptoms."  Id.

11 **C.    REQUESTS FOR RELIEF**
12      As a result of their alleged injuries from both the asbestos exposure and
13 water contamination, Plaintiffs seek (a) at "minimum" $1,000,000 in
14 compensatory damages and $5,000,000 in punitive damages awarded to each
15 Plaintiff, (b) an order requiring an immediate evacuation of CCI and a lifetime of
16 limitless medical treatment, and (c) a declaratory judgment "that Plaintiffs' rights
17 as presented in their complaint have been violated."  Id. at 6.

18                              **IV.**
19                     **STANDARD OF REVIEW**
20      As Plaintiffs are proceeding in forma pauperis, the Court must screen the
21 SAC and is required to dismiss the case at any time if it concludes the action is
22 frivolous or malicious, fails to state a claim on which relief may be granted, or seeks
23 monetary relief against a defendant who is immune from such relief.  28 U.S.C. §
24 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194
25 (9th Cir. 1998).
26      In determining whether a complaint fails to state a claim for screening
27 purposes, the Court applies the same pleading standard from Rule 8 of the Federal
28 Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to

1  dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter,
2  668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a complaint must contain a
3  "short and plain statement of the claim showing that the pleader is entitled to
4  relief."  Fed. R. Civ. P. 8(a)(2).

5        A complaint may be dismissed for failure to state a claim "where there is no
6  cognizable legal theory or an absence of sufficient facts alleged to support a
7  cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)
8  (citation omitted).  In considering whether a complaint states a claim, a court must
9  accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630
10 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true
11 "allegations that are merely conclusory, unwarranted deductions of fact, or
12 unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th
13 Cir. 2008) (citation omitted).  Although a complaint need not include detailed
14 factual allegations, it "must contain sufficient factual matter, accepted as true, to
15 'state a claim to relief that is plausible on its face.'"  Cook v. Brewer, 637 F.3d
16 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct.
17 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the
18 court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged."  Cook, 637 F.3d at 1004 (citation omitted).

20       "A document filed pro se is to be liberally construed, and a pro se complaint,
21 however inartfully pleaded, must be held to less stringent standards than formal
22 pleadings drafted by lawyers."  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.
23 2008) (citation omitted).  "[W]e have an obligation where the p[laintiff] is pro se,
24 particularly in civil rights cases, to construe the pleadings liberally and to afford the
25 p[laintiff] the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir.
26 2012) (citation omitted).

27       If the court finds the complaint should be dismissed for failure to state a
28 claim, the court has discretion to dismiss with or without leave to amend.  Lopez v.

5

1 Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiffs are pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## V.

## DISCUSSION

### A. THE SAC FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**(1) APPLICABLE LAW**

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

**(2) ANALYSIS**

In the instant case, Plaintiffs' SAC is overly long, argumentative, and replete with repetitive and conclusory allegations. The SAC is seventy pages in length and repeats the same factual scenarios in multiple sections. Additionally, the SAC primarily rests upon vague, conclusory allegations absent any factual support.

6

In amending the SAC, Plaintiffs must state each of their claims separately and for each claim should identify "clearly and precisely" and <u>briefly</u> the legal basis and the facts underlying it.  See <u>Bautista v. L.A. Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000) ("Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice." (citation omitted)).  Specifically, Plaintiffs should <u>succinctly</u> identify when the alleged harms were committed, who caused the alleged harms, and what actions were committed by each alleged wrongdoer.

**B.     THE ELEVENTH AMENDMENT BARS CLAIMS AGAINST DEFENDANT CDCR**

   **(1)     APPLICABLE LAW**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." <u>Brooks v. Sulphur Springs Valley Elec. Co-op.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) (citing <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)).  This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiffs "seek damages or injunctive relief." <u>Id.</u>; <u>Pennhurst State School</u>, 465 U.S. at 102.  In the prisoner context, a state agency responsible for the incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See <u>Alabama v. Pugh</u>, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam) (finding a suit against a state's Board of Corrections is barred by the Eleventh Amendment).

   **(2)     ANALYSIS**

Here, defendant CDCR is a state agency responsible for the incarceration and correction of inmates in California.  Thus, the Eleventh Amendment bars Plaintiffs from bringing claims against a state agency, and CDCR must be dismissed on all claims.  <u>Brown v. Cal. Dep't of Corrs.</u>, 554 F.3d 747, 752 (9th Cir. 2009);

Stroman v. California Dep't of Corr. & Rehab., No. CIV. 2:14-524 WBS, 2014 WL 2208174, at *1 (E.D. Cal. May 28, 2014) ("In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is immune from suit under the Eleventh Amendment."); Taylor v. California, No. 2:08-CV-00349 SOM, 2009 WL 3416010, at *3 (E.D. Cal. Oct. 21, 2009) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 65–66, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)) (noting for Section 1983 claims specifically, a state and a state department, like CDCR, are "not [considered] a 'person' for purposes of § 1983").

## C. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANT CCI

### (1) APPLICABLE LAW

Respondeat superior liability does not exist under Section 1983. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Consequently, an entity is liable only for allegations of constitutional violations that arise from an official policy or longstanding custom. Id. A plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure" of the entity. Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation."

1  Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) citing Arnold v. Int'l Bus.
2  Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

**(2) ANALYSIS**

Here, because Plaintiffs are barred from bringing claims against CDCR by the Eleventh Amendment, defendant CCI is currently the only remaining defendant[6]. Plaintiffs, however, have failed to state any viable claim against defendant CCI because they fail to identify any policy, practice, or custom that is the driving force behind any alleged constitutional violation.

As to the claim defendant CCI is subjecting inmates to dangerous levels of asbestos, Plaintiffs fail to present any facts indicating defendant CCI is acting pursuant to a prison policy or engaging in practices that are "so persistent and widespread" as to establish entity liability. Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011). Even if Plaintiffs sufficiently claimed defendant CCI engaged in a widespread practice of authorizing asbestos cleanups that violate safety regulations, Plaintiffs have failed to allege this practice was "(1) the cause in fact and (2) the proximate cause" of an Eighth Amendment deliberate indifference violation because there are no facts to find this practice was anything more than grossly negligent or even reckless. Trevino, 99 F.3d at 918; Hatter, 154 F. Supp. 3d at 944.

As to the water contamination and the claim defendant CCI was deliberately indifferent to a serious medical need, Plaintiffs potentially allege a practice whereby "medical providers . . . deliberately misdiagnose inmates . . . to conceal the fact that

---

[6] Because CCI is the only remaining defendant, Plaintiff may properly join both the asbestos and contaminated water claims in a single complaint pursuant to Federal Rule of Civil Procedure 18(a). See Penton v. Hubbard, No. 2:11-CV-0518-KJN-P, 2011 WL 6217782, at *1 (E.D. Cal. Dec. 14, 2011) (holding a plaintiff may join multiple claims if they are all against a single defendant); Stevens v. Knowles, No. CV 08-1674-AHM OP, 2011 WL 7430402, at *7 (C.D. Cal. Oct. 24, 2011), report and recommendation adopted, No. CV 08-1674-AHM OP, 2012 WL 643440 (C.D. Cal. Feb. 27, 2012) ("[M]ultiple claims against a single party may be alleged in a single complaint, [however] unrelated claims against different defendants must be alleged in separate complaints.").

the drinking water is making [inmates] ill." Dkt. 36-1 at 20-21.  However, Plaintiffs fail to present facts demonstrating this practice is "of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino, 99. F.3d at 918.  Instead, Plaintiffs' claim is based entirely on conclusory allegations which fail to provide any facts to support a widespread practice of misdiagnosis.  Plaintiffs generally allege they "were all feeling the same medical symptoms" and that "Medical providers . . . deliberately misdiagnose [them]" by telling them they suffer from these symptoms because they "are not drinking enough water." Dkt. 36-1 at 20.  However, Plaintiffs fail to provide specific facts including when they saw medical providers, which medical providers they saw, the symptoms they described to their medical providers, and the medical providers' subsequent diagnoses.  Absent specific facts establishing a custom, policy, or practice, Plaintiffs have failed to state a claim against defendant CCI.

## VI.
## LEAVE TO FILE A THIRD AMENDED COMPLAINT

For the foregoing reasons, the SAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiffs choose one of the following two options:

1.   Plaintiffs may file a Third Amended Complaint to attempt to cure the deficiency discussed above.  **The Clerk of Court is directed to mail Plaintiffs a blank Central District civil rights complaint form to use for filing the Third Amended Complaint.**

If Plaintiffs choose to file a Third Amended Complaint, Plaintiffs must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.

Plaintiffs shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the SAC.  In addition, the Third Amended Complaint must be complete without reference to the SAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>Id.</u>  Because the Court grants Plaintiffs leave to amend as to all their claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Third Amended Complaint.  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiffs may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiffs a blank Notice of Dismissal Form, which the Court encourages Plaintiffs to use.**

The Court advises Plaintiffs that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiffs file a Third Amended Complaint that continues to allege insufficient facts to state a claim.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  <u>Ismail v. County of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.

**Plaintiffs are explicitly cautioned that failure to timely file a Third Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  March 15, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge