UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS, et al., <br> Plaintiffs, <br> v. <br> CALIFORNIA CORRECTIONAL INSTITUTION, et al., <br> Defendants. | Case No. EDCV 16-1678-AB (KK) <br><br> ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiffs[1] Paul Adams, Phillip L. Dorsey, and Ezequiel Monarrez ("Plaintiffs"), proceeding pro se and in forma pauperis, have filed a Third Amended Complaint ("TAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging defendants Daren Plumlee, Carlos Martinez, Trinidad Rodriguez ("Individual Defendants"), California Correctional Institution ("CCI"), and Does 1-10[2] (collectively "Defendants") violated their Eighth and Fourteenth

---

[1] Plaintiff William J. Bryant will be dismissed in a separate order for failure to file an application to proceed in forma pauperis or to pay the necessary filing fee. ECF Docket Nos. ("Dkts.") 11, 16, 31.
[2] While Plaintiffs include Does 1-10 as defendants, they fail to allege any facts or raise any claims against Does 1-10.

Amendment rights. As discussed below, the Court dismisses the TAC with leave to amend.

## II.
## **PROCEDURAL HISTORY**

On July 24, 2016, Plaintiffs constructively filed[3] a complaint pursuant to Section 1983 against defendants Jeffrey Beard and K. Holland, in both their individual and official capacities, CCI, and CDCR. Dkt. 1 at 3. The complaint alleged defendant CCI and CDCR exposed inmates to dangerous levels of asbestos in violation of their Eighth and Fourteenth Amendment rights. Id. at 3, 5, 8.

On August 15, 2016, Plaintiffs constructively filed a Notice of Proposal of First Amended Complaint ("FAC")[4] against defendants Jeffrey Beard, K. Holland, and Jerry Brown, in their individual and official capacities, CCI, and CDCR. Dkt. 18 at 3-4. The FAC alleged (1) prisoners are being exposed to airborne asbestos particles; and (2) prisoners are forced to drink and bathe in water contaminated by human feces. Id. at 1-48. On November 1, 2016, the Court dismissed the FAC with leave to amend. Dkt. 30.

On January 12, 2017, Plaintiffs constructively filed a Second Amended Complaint ("SAC")[5] against defendants CDCR and CCI. Dkts. 36 and 36-1. Plaintiffs alleged CCI and CDCR are subjecting Plaintiffs to an environment "invested with air born asbestos particles," thereby demonstrating a deliberate indifference to inmates' health. Id. On March 15, 2017, the Court dismissed the SAC with leave to amend for failure to state a claim. Dkt. 37.

---

[3] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").
[4] On August 15, 2016, Plaintiffs filed a request for leave to file a FAC as well as a proposed FAC. Dkt. 14. On August 24, 2016, the Court filed Plaintiffs' FAC and denied Plaintiffs' request for leave as moot. Dkt. 17.
[5] The Court refers to the pages of the SAC and TAC as they are numbered on the Court's online docket.

On April 5, 2017, Plaintiffs constructively filed the instant TAC against defendant CCI and the Individual Defendants in their individual and official capacities[6]. TAC at 7-8. In the TAC, Plaintiffs raise Eighth and Fourteenth Amendment claims against all Defendants. Id. at 11-14.

### III.
### ALLEGATIONS OF THIRD AMENDED COMPLAINT

Plaintiffs claim Defendants have exposed Plaintiffs to dangerous levels of asbestos and forced them to drink contaminated drinking water. Id. at 11. As a result of Defendants' actions, Plaintiffs allege "mental and emotional injury," and "imminent foreseeable health injuries," and "long term life threatening injury." Id. at 31.

**A.  ASBESTOS CLAIMS**

Plaintiffs claim defendant CCI "violated Plaintiffs rights to a reasonable safe and healthy environment at CCI, on Yards I and II, by failing to prevent unreasonable exposure to asbestos" and engaging in asbestos "clean up [that] were illegal." Id. at 19, 28. Specifically, Plaintiffs alleged, around April or May 2016, CCI staff members began construction in Willard Hall housing unit, which involved "knocking out an entire wall infested with asbestos material and . . . remov[ing] asbestos contaminated floor tiles, without providing warnings to the inmate occupants in the building." Id. at 18. Plaintiffs allege defendant CCI failed to "seal off the area of the construction" and instead used fans "which blew all of the Particles into the corners of the entire housing unit[,] thus, exposing [Plaintiffs] to asbestos directly." Id. at 19. Ultimately, Plaintiffs claim defendant CCI has

---

[6] It is unclear whether Plaintiffs intend to sue the Individual Defendants in their individual capacity only or both their official and individual capacities. While page 8 of the TAC appears to specify the Individual Defendants are being sued in their individual capacity only, Plaintiffs select both individual and official capacities on page 3 of the form-complaint. See id. at 3, 8. For purposes of this Order, the Court will assume Plaintiffs intend to sue the Individual Defendants in both their individual and official capacities.

3

failed to ensure that "asbestos removal and disposal is properly and legally performed [and] that asbestos exposure is limited by proper testing." Id. at 30.

**B.     CONTAMINATED WATER CLAIMS**

Plaintiffs allege the water at CCI is contaminated with lead, arsenic, and human feces such that "it poses a health risk to human life." Id. at 25-27. According to Plaintiffs, Inmate Dorsey informed them CCI's water "had human waste in it, among other toxic contaminants such as Arsenic and LED." Id. at 22.

Plaintiffs claim Defendants are each responsible for CCI's water contamination. As to defendant CCI, Plaintiffs allege defendant CCI is aware of the contaminated water because it "warns Employees and Officers to NOT HANDLE OR DRINK THE CCI INSTITUTION WATER AT CCI YARDS I AND II." Id. at 25. Plaintiffs allege defendant CCI "hire[s] incompetent employees who knowingly represent false reports and fabricat[e] test results" and who are not "certified, qualified, and licensed to perform the job." Id. at 29-30. Specifically, Plaintiffs allege defendant CCI hired the Individual Defendants to "falsify the records in order to evade the fact that the water [at CCI] is harmful for any and all human use, contact, and ingestion." Id. at 23, 27. Plaintiffs allege defendant CCI "cannot afford to Place real Water treatment employees at CCI water treatment Plant because the Legal Officials would declare that the water is not safe[,] [a]nd that Yards I and II would have to be closed down." Id. at 23.

As to the Individual Defendants, Plaintiffs allege they are "jeopardizing inmate INHABITANTS health and safety on a daily basis . . . by operating a Water Treatment Plant and Waste Water Plant and Plant Ops. . . . [and] preforming such practices without proper state certification, licenses, and qualifications . . . in violation of State and Federal laws and regulations." Id. at 9.

Plaintiffs allege defendant Plumlee, who is a "free staff member/employee hired by CCI as a supervisor, Engineer of Plant Ops." has a "duty to supervise the employees at Water and Waste Water Treatment Facilities" for CCI. Id. at 38.

4

Plaintiffs claim defendant Plumlee "allowed his subordinates to operate without a license and [state] certifications" and failed "to adequately train and supervise his employees [Trinidad and Rodriguez]." Id. at 8, 35, 36. Plaintiffs further allege defendant Plumlee knows "that high levels of Arsenic[,] lead[,] and human feces exists in the water and that [defendant Rodriguez] pollutes the water supply, tainting the water for the Plaintiffs and for all inmates on Yards I and II at CCI." Id. at 34.

Plaintiffs allege defendant Rodriguez, who is a "free staff member/employee hired by CCI as the Waste Water Supervisor, at California Correctional Institution," is responsible for "illegally dump[ing] HSI Mobile Compressor Oil into the spray fields . . . which contaminates the drinking water on yards I and II at CCI." Id. at 8, 22.

Lastly, Plaintiffs allege defendant Martinez, who is a "free staff member/employee hired by CCI to run the Water Treatment Plant at California Correctional Institution" and who is responsible for taking water samples at CCI to send them out for testing, is not a certified water operator, "has failed his last two water state exams," and "falsifies water test results." Id. at 8, 14, 22, 27, 41. Plaintiffs allege defendant Martinez "know[s] the water [is] tainted on Yards I and II" and that he falsifies test results by taking water samples "from Yards III and IV where the water is clean." Id. at 40. Plaintiffs allege defendants Plumlee and Martinez "fabricate the records on a regular basis." Id. at 23, 42.

**C.    REQUESTS FOR RELIEF**

As a result of their alleged injuries from both the asbestos exposure and water contamination, Plaintiffs seek (1) $520,000 in compensatory damages; (2) $150,000 in punitive damages; (3) a declaratory judgment defendants violated Plaintiff's constitutional rights and falsified test results regarding air and water quality at CCI; and (4) an injunction evacuating and shutting down CCI yards I and II, ordering asbestos material removed, and removing the Individual Defendants

5

from their government offices.  Id. at 15-16.  Additionally, Plaintiffs seek to have their case designated as a class action.[7]  Id. at 7.

## IV.

## **STANDARD OF REVIEW**

As Plaintiffs are proceeding in forma pauperis, the Court must screen the TAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

---

[7] Plaintiffs, as pro se litigants, are prohibited from bringing their claims as a class action.  See Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."); Axtle v. Cty. of Alameda, No. C 12-6404 YGR (PR), 2013 WL 5979201, at *2 (N.D. Cal. Nov. 8, 2013) ("[P]ro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class.").

6

unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiffs are pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///
///
///
///

7

# V.

# DISCUSSION

## A. THE ELEVENTH AMENDMENT BARS (1) ALL CLAIMS AGAINST DEFENDANT CCI, AND (2) ANY CLAIMS FOR MONETARY DAMAGES AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY

### (1) APPLICABLE LAW

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiffs "seek damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. "[A]n entity with Eleventh Amendment immunity is not a "person" within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990).

As to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from retrospective claims for relief (including monetary damage claims), but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169–70, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908).

### (2) ANALYSIS

Here, the Eleventh Amendment bars Plaintiffs from raising *any* claims against defendant CCI and from seeking monetary damages against the Individual Defendants in their official capacity. As to defendant CCI, because CCI is an

agency of the state of California, it is protected by the Eleventh Amendment and cannot be sued under Section 1983.  See Allison v. California Adult Auth., 419 F.2d 822, 822–23 (9th Cir. 1969) (holding plaintiff was not entitled to relief under Section 1983 against state prison because "state agencies which are but arms of the state government are not 'persons' for purposes of the Civil Rights Act"); Lett v. Brown, No. EDCV 12-1874-JFW (SS), 2013 WL 156560, at *3 (C.D. Cal. Jan. 15, 2013) (holding "CCI-Tehachapi, as an agency of the State of California, cannot be sued under Section 1983").  As to the claims against the Individual Defendants in their official capacity, the Eleventh Amendment bars Plaintiffs from raising claims that seek monetary relief.  See Kentucky v. Graham, 473 U.S. at 169–70 (holding the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity").  Thus, Plaintiffs are barred from bringing (1) any claims against defendant CCI; and (2) claims for monetary damages against the Individual Defendants in their official capacity.

## B. PLAINTIFFS FAIL TO STATE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT RODRIGUEZ IN HIS INDIVIDUAL CAPACITY

### (1) APPLICABLE LAW

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they deny humane conditions of confinement with deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  To state a claim for such an Eighth Amendment violation, an inmate must show objective and subjective components.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm.  Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).  The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious

9

harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

A prison official may be found deliberately indifferent in violation of the Eighth Amendment if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Clem v. Lomeli, 566 F.3d 1177, 1182 (9th Cir. 2009) (quoting Farmer, 511 U.S. at 847). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837-38; see May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (rejecting plaintiff's claims disciplinary segregation violated the Eighth Amendment because plaintiff "failed to allege facts establishing the deprivation of adequate food, drinking water, sanitation, or personal hygiene items"). Deliberate indifference requires "more than 'gross negligence' or even 'recklessness.'" Hatter v. Dyer, 154 F. Supp. 3d 940, 944 (C.D. Cal. 2015) (quoting Farmer, 511 U.S. at 837).

**(2) ANALYSIS**

Here, Plaintiffs fail to state an Eighth Amendment deliberate indifference claim against defendant Rodriguez. While Plaintiffs allege defendant Rodriguez is "illegally dump[ing] HSI Mobile Compressor Oil into the spray fields . . . which contaminates the drinking water on yards I and II at CCI," they fail to allege defendant Rodriguez knew that his actions placed inmates at a "substantial risk of serious harm." TAC at 8, 22; Clem, 566 F.3d at 1182. Without any facts indicating defendant Rodriguez "knew of and disregarded an excessive risk to inmate health or safety," Plaintiffs' claim against him in his individual capacity necessarily fails. Farmer, 511 U.S. at 837-38.

# C. PLAINTIFFS FAIL TO STATE A FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS CLAIM AGAINST THE INDIVIDUAL DEFENDANTS

### (1) APPLICABLE LAW

A procedural due process claim requires plaintiffs establish "two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ., 149 F.3d 971, 982 (9th Cir. 1998). The failure to follow mandatory procedures does not by itself offend the constitution. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993) ("[W]e have held that 'procedural requirements, even if mandatory, do not raise a constitutionally cognizable liberty interest.'" (citation omitted)). Rather, there must be allegations that the procedures themselves were inadequate to protect a valid liberty interest. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), aff'd, 168 F.3d 498 (9th Cir. 1999).

### (2) ANALYSIS

Here, Plaintiffs claim they have a Due Process right "to be informed, and adequately noticed," presumably of the allegedly dangerous conditions at CCI. Id. at 11. However, the right to be informed or adequately noticed of prison conditions is not an interest protected by the U.S. Constitution. See Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (holding "[a] liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty', or it may arise from an expectation or interest created by state law or policies" (internal citations omitted)). Moreover, Plaintiffs have failed to identify a specific procedure that the Individual Defendants did not follow which would have resulted in Plaintiffs' loss of a valid liberty interest. Brewster, 149 F.3d at 982. Further, even assuming Plaintiffs identified a procedure that created a protected interest, the Individual Defendants' failure to comply with such a

procedure alone does not establish a due process violation. Buckley, 36 F. Supp. 2d at 1222 ("A defendant's negligent or intentional failure to follow proper procedures does not constitute a constitutional deprivation."). Thus, Plaintiffs' procedural due process claim is subject to dismissal.

### D. PLAINTIFFS FAIL TO STATE A FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM AGAINST THE INDIVIDUAL DEFENDANTS

#### (1) APPLICABLE LAW

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of life, liberty, or property in such a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." United States v. Salerno, 481 U.S. 739, 746, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987); U.S. Const. amend. XIV, § 1. "To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998); Jeffries v. Turkey Run Consol. Sch. Dist., 492 F.2d 1, 4 (7th Cir. 1974) ("[T]he absence of any claim by the plaintiff that an interest in liberty or property has been impaired is a fatal defect in her substantive due process argument.").

#### (2) ANALYSIS

Here, Plaintiffs have failed to allege a protected liberty interest or property interest of which they have been deprived. Plaintiffs claim to have a Due Process right "to the Proper Function of a governmental office," which includes the right to have the Individual Defendants "perform [their] duties consistent with law, rule, regulation, policy, and Constitution State and Federal." TAC at 10. Plaintiffs, however, fail to identify a valid liberty interest protected by the Due Process Clause. See Wilkinson, 545 U.S. at 221; Nunez, 147 F.3d at 871. Thus, Plaintiffs' substantive due process claim is subject to dismissal.

## E. PLAINTIFFS FAIL TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM AGAINST THE INDIVIDUAL DEFENDANTS

### (1) APPLICABLE LAW

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)). In order to state a Section 1983 equal protection claim, plaintiffs must allege they were treated differently from others who were similarly situated without a rational basis or discriminated against based on their membership in a protected class. See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for Section 1983 equal protection claim based on membership in protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir. 2014) (affirming district court dismissal of inmate's equal protection claim). "Similarly situated" persons are those "who are in all relevant aspects alike." Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992).

### (2) ANALYSIS

Here, Plaintiffs' Equal Protection claim fails. Plaintiffs claim the Individual Defendants' "refusal to follow the above laws had affirmatively deprived Plaintiffs and all prisoners at CCI on yard I and II of Due Process and Equal Protection of the laws." TAC at 11. Here, it is unclear from Plaintiffs' claims how the Individual Defendants are depriving them of equal protection of the laws. Even if Plaintiffs' claim had identified unequal treatment, Plaintiffs' Equal Protection claims based on unequal treatment as inmates fails to state an Equal Protection claim because prison inmates, in general, are not a protected class. See Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998). In making their equal protection allegations,

Plaintiffs fail to present facts showing the Individual Defendants treated them any differently than other "similarly situated" individuals. Therefore, Plaintiffs' Equal Protection claim is subject to dismissal.

## F. THE TAC FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

### (1) APPLICABLE LAW

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

### (2) ANALYSIS

Here, Plaintiffs have stated the following three constitutional claims and have done so with sufficient clarity in the TAC: (1) Eighth Amendment deliberate indifference claim against the Individual Defendants in their official capacity for prospective relief only; (2) Eighth Amendment deliberate indifference claim against defendant Plumlee in his individual capacity; and (3) Eighth Amendment deliberate indifference claim against defendant Martinez in his individual capacity.

Nevertheless, the TAC is needlessly long, rambling, and confusing and includes numerous conclusory allegations and legal jargon. See Dkt. 38. Inclusion of unclear facts and unnecessary legal jargon prevents the Court from clearly discerning any other potential causes of action. Therefore, to the extent Plaintiffs

wish to raise additional claims other than the three the Court has identified above, Plaintiffs must file an amended complaint.

In amending the complaint, Plaintiffs must state each claim separately and identify defendants for each claim. Additionally, for each claim, Plaintiffs should clearly, precisely, and briefly identify the legal basis and the facts underlying it. See Bautista v. Los Angeles Cty., 216 F.3d 837, 840-41 (9th Cir. 2000). Plaintiffs should only include facts necessary to state a claim and need not include additional case law to support their allegations. Instead, Plaintiffs should clearly state (1) the alleged harm; (2) who caused the alleged harm; (3) when the alleged harm was committed; and (4) what actions were committed by each alleged wrongdoer

## VI.
## **LEAVE TO FILE A FOURTH AMENDED COMPLAINT**

For the foregoing reasons, the TAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiffs choose one of the following three options:

**1. Option One: Plaintiffs may proceed on the following claims, which are not identified as deficient:**

- **(a) Eighth Amendment deliberate indifference claims against the Individual Defendants in their official capacity for prospective injunctive relief only;**
- **(b) Eighth Amendment deliberate indifference claim against defendant Plumlee in his individual capacity; and**
- **(c) Eighth Amendment deliberate indifference claim against defendant Martinez in his individual capacity.**

**If Plaintiffs intend to select this option, they must file a statement clearly indicating they wish to proceed on these claims only and voluntarily dismiss all other claims.**

    2.    <u>Option Two</u>: Alternatively, Plaintiffs may file a Fourth Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiffs a blank Central District civil rights complaint form to use for filing the Fourth Amended Complaint.**

If Plaintiffs choose to file a Fourth Amended Complaint, Plaintiffs must clearly designate on the face of the document that it is the "Fourth Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiffs shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the TAC. In addition, the Fourth Amended Complaint must be complete without reference to the TAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiffs leave to amend as to all their claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Fourth Amended Complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiffs that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiffs file a Fourth Amended Complaint that continues to allege insufficient facts to state a claim. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. County of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.

16

**Plaintiffs are explicitly cautioned that failure to timely file either the statement permitted by Option One or a Fourth Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

3. **Option Three**: Alternatively, Plaintiffs may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiffs a blank Notice of Dismissal Form, which the Court encourages Plaintiffs to use.**

Dated: June 28, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge